MARGARET DEVLIN, Appellant, *v.* ROBERT BOYD and Another, Respondents.

*Equity jurisdiction to set aside a judgment regularly obtained — the mistake must be material.*

A mistake, which will justify a court of equity in setting aside a judgment duly and regularly obtained, must be material and must have worked real and not merely technical injustice.

A mere unfounded impression on the part of a person who has allowed a money judgment to be taken against him, as to the form of the obligation on which the judgment proceeded, is not such a mistake as will call upon a court of equity to set aside the judgment, where it appears that an indebtedness for the amount of the judgment actually existed, and that the judgment debtor intended to protect the creditor by a judgment for what was really owing to him.

APPEAL by the plaintiff, Margaret Devlin, from a judgment of the Supreme Court dismissing the complaint upon the merits, rendered at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 16th day of December, 1892.

*George P. Gordel*, for the appellant.

*August Kohn*, for the respondents.

Barrett, J.:

This is an action to set aside a judgment of the City Court in favor of the defendant Boyd against the present plaintiff — which judgment had been collected and satisfied — and to require Boyd to restore to Mrs. Devlin the amount so collected, with interest and costs. The judgment was for $1,246.22, and it was entered on the 24th of December, 1889.

The gravamen of the complaint is that the judgment was obtained by mistake. It is alleged that Mrs. Devlin allowed it to be entered against her in the belief that she was actually indebted to Boyd upon two notes for $1,000 each, which she had previously given to her husband to facilitate certain building operations. After her husband's death, in March, 1891, she found these two notes among his papers, stamped "paid," as of a date prior to the commencement of the City Court suit, and thereupon she instituted inquiries which resulted in the information that the judgment was not upon these two notes, but for moneys loaned in July and August, 1889. She now asserts that no such moneys were loaned to her at these dates, and, consequently, that the judgment was based upon causes of action which never existed, but were wholly baseless.

The defendant denies the material allegations of the complaint, and alleges that his complaint in the City Court suit was true, and that the moneys therein referred to were actually loaned by him to the plaintiff.

The learned justice who tried the cause has found that the judgment in question was obtained without any fraud or misrepresentation on the part of the defendant Boyd, and without any mistake of fact on the part of the plaintiff. He refused to find that the loans upon which the City Court action was founded were not made by Boyd to Mrs. Devlin. He also refused to find that she was not liable therefor.

We think the evidence was sufficient to justify both the findings and the refusals to find. The complaint in the City Court set forth two causes of action: one for a loan of $1,000 and the other for a

loan of $200. As to the loan of $1,000 there can be no question. Boyd's testimony, to, the effect that he made this loan upon Mrs. Devlin's note, is corroborated by the check which he gave therefor payable to her order. This check was indorsed ly Mrs. Devlin and was deposited to her credit in the Riverside Bank, where she kept an account. As to the remaining $200, Mr. Devlin borrowed it, as his wife's agent, declaring that he wanted the money for her. He signed the note "James Devlin, for Mrs. Devlin," and this very note, together with the $1,000 note, was given up by Boyd when the City Court judgment was entered. Mrs. Devlin says that her husband had no right to borrow this $200 upon her credit, and she claims to have canceled his power of attorney prior to the date of this loan. But Boyd had no notice of this cancellation, and he was quite justified, because of the prior course of dealing, in believing that Mr. Devlin's authority was continuous. At all events, there is no foundation for the charge that this cause of action was wholly baseless.

There is an apparent variance with regard to the date when one of these loans was made, but it is explained in a simple manner. The allegations of the City Court complaint are that the loan of $200 was made on or about the 8th day of July, 1889, and that the loan of $1,000 was made on or about the 12th day of August, 1889. The proof is that the loan of $200 was made on the day so specified in the complaint. But the loan of $1,000 was not made on the 12th day of August, 1889. It was actually made on the 7th day of June, 1889, and Boyd then received Mrs. Devlin's note therefor, payable in two months. That note matured upon the 10th day of August, 1889, which was "on or about" the date specified in the complaint.

It is difficult to see, in view of these findings of fact, upon what principle the appellant can hope to have the City Court judgment disturbed. The singular contention is made that it was error to permit Boyd to prove the loans, to recover which the City Court suit was instituted, and that the only material question upon the trial here was whether the judgment in question was entered under a mistake on Mrs. Devlin's part as to the precise nature of the causes of action set forth in the complaint. In other words, the appellant claims that, even if she owed Boyd money, and was willing to protect him, the judgment therefor should not be allowed to stand, because she

did not intend to permit judgment for this particular money, but only for other money which she supposed to be due, but which, as she subsequently discovered, was not due, it having previously been paid. This contention overlooks the underlying principle upon which courts of equity exercise jurisdiction to set aside judgments duly and regularly obtained. The fundamental ground of relief is that the enforcement of the judgment, as to which the mistake occurred, would be unjust and unconscionable. Here, however, the situation is reversed. It would be unjust and unconscionable to set the judgment aside upon the pretense of an unsubstantial mistake. We have no fault to find with the law as laid down in the numerous cases cited in the appellant's elaborate brief. Mistake under proper conditions is an undoubted ground for the exercise of equity jurisdiction. But the mistake must be material, and must have worked real and not merely technical injustice. It was, therefore, entirely proper for the Special Term to permit Boyd to show that Mrs. Devlin owed him money, and desired to protect him by a judgment for what she really owed.

There was no mistake about this even on her part. She intended to secure whatever she owed him, and she did it. The form of the obligation was wholly immaterial. The substantial fact was that Mrs. Devlin owed the money for which judgment was entered, and that she has only done what was right and honest in paying that judgment. Her mistake — so called — was nothing more than an unfounded impression, for which Boyd was in nowise responsible — a belief which has neither changed her real purpose nor deprived her of a dollar that she did not owe.

There is a good deal in the case to justify the conclusion that the mistake set up was an afterthought. The summons, with notice of the amount due, was served upon Mrs. Devlin. That showed a claim of $1,200. It is hard to credit the suggestion that she then believed that the action was for $2,000 upon two promissory notes of $1,000 each. She knew that the plaintiff's attorneys in that action were also her own counsel, and that they were acting upon an understanding between herself, her husband and Boyd. She had no good reason for the belief that the two promissory notes in question had remained unpaid until the time of the commencement of that action. Her husband had no occasion to deceive her upon

the subject, and, indeed, there is not the slightest ground for the belief that she would have acted otherwise than she did, had she carefully read the complaint in that action.

In every view of this case, it seems to be without merit, and the complaint was properly dismissed.

The judgment should, therefore, be affirmed, with costs

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.